IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE No.: 19-06685 (BKT) |
|---|---|
| **HECTOR LUIS MARTINEZ MARTINEZ** | CHAPTER 13 |
| Debtor | |
| MONEY EXPRESS | (X) 11 U.S.C. §1325(a)(4), on *Liquidation value test* |
| Movant | |

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

TO THE HONORABLE COURT:

Comes now MONEY EXPRESS through its undersigned counsel and respectfully alleges and prays:

**I. JURISDICTION**

1. This Honorable Court has jurisdiction over the instant case pursuant to 28 USC §1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, 11 U.S.C. §1322(a)(1), on *Contents of a plan (income),* 11 U.S.C. §1325 (b)(1)(B) and (b)(4) on *disposable income* and 11 U.S.C. §1325(a)(4), on *Liquidation value test.*

**II. FACTS**

2. Debtor filed a voluntary petition under the provisions of Chapter 13 of the Bankruptcy Code (11 U.S.C. §1301 *et seq.*) on November 14, 2019.

3. Movant filed an unsecured proof of claim in the amount of $4,999.97 regarding account no. 1372, identified as no. 2 at Claims' Register.

4. Debtor's chapter 13 plan dated November 14, 2019 (docket no. 3) pays unsecured creditors in pro-rata basis.

5. According to trustee's unfavorable recommendation dated January 29, 2019 (docket no. 13), the proposed plan (docket no. 3) fails to comply with the *liquidation value test.*

6. <u>Movant joins trustee's objection (docket no. 13) to the confirmation of the plan dated November 14, 2019 (docket no. 3) because it fails to comply with the requirements of 11 U.S.C. §1325(a)(4), known as *'liquidation value test'*.</u>

In compliance with Local Bankruptcy Rule 9013-2 (a), Firstbank PR hereby submits its motion or response accompanied by a supporting memorandum that contains the points and authorities in support of its position, together with the pertinent affidavits and/or documents.

### III. DISCUSSION

- **LIQUIDATION VALUE TEST**

7. Section 1325(a)(4) of the Bankruptcy Code (11 U.S.C.) requires that "the value as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such a date". See Lundin, Keith M., on Chapter 13 Bankruptcy: Second Edition, Volume 2, on *Best-Interest-of-Creditors-Test*.

8. To accomplish confirmation the debtor must evidence "to be able to make all payments under the plan and to comply with the plan". Feasibility, Keith M. Lundin on Chapter 13 Bankruptcy. Feasibility is a fact-bound concept. At its simplest, feasibility requires that the debtor's income to exceed expenses by an amount sufficient to make the payments proposed under the plan. *Id.* When debtor's budget will not support the proposed payments into the plan, the plan is not feasible and confirmation must be refused. *Id.*

9. To determine compliance with the test, the chapter 13 Trustee must endure the exercise of a hypothetical liquidation of the debtor's estate under chapter 7 on the "effective date of the plan" must be compared to the value on "the effective date of the plan" of what the debtor proposes to distribute to the holders of allowed unsecured claims. Thus, a mathematical calculation must be made of the value of what would be available for distribution to unsecured claim holders in a chapter 7 case. To that effect, the debtor's distribution to unsecured claim holders must be "present valued" [discounted] as of the effective date of the chapter 13 plan. Chapter 13: Bankruptcy, Volume 2, Lundin, Keith M. On Best-Effort-of-Creditors Test: - Mathematical Considerations.

10. The phrase "effective date of the plan" has not been defined by the Code. Nonetheless, is has been accepted that "the effective date of the plan" means the date of confirmation. Therefore, for purposes of the liquidation value of the estate mathematical analysis under the

*Best Interest of Creditors Test* any property or substantial asset which the debtor's acquired after the date of the petition which increases the appreciation of the estate is accountable for the mathematical analysis to ascertain a higher distribution among the general unsecured creditors. *In re Rake vs. Wade,* 113 S. Ct. 2181 (1993).

11. Likewise, where the liquidation value of the estate would be sufficient to produce a dividend in a Chapter 7 case, then the value as of the effective date of the property to be distributed under the Chapter 13 plan must exceed the amount that the unsecured claim holders would receive in a hypothetical Chapter7 case. And where the liquidation would result in the full payment of unsecured claims on the effective date of the plan, 11 U.S.C. §1325(a)(4) requires unsecured claim holders to be paid in full with interest through the Chapter 13 plan.

## IV. ALLEGATIONS

12. Movant filed an unsecured proof of claim in the amount of $4,999.97 regarding account no. 1372, identified as no. 2 at Claims' Register.

13. Debtor's chapter 13 plan dated November 14, 2019 (docket no. 3) pays unsecured creditors in pro-rata basis.

14. **In order for trustee and appearing creditor to verify plan's compliance with the *liquidation value test* Debtor must amend Schedule "A-B" to disclose a 2006 Honda Accord in his name**.

15. For the above discussed reasons, Money Express does not accept the proposed plan.

WHEREFORE, Movant respectfully requests this Honorable Court to grant this motion and deny the confirmation of the proposed plan.

### NOTICE

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise. Local Bankruptcy Rule 9013-1 (c)(1).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 31st day of January, 2020.

## CERTIFICATE OF SERVICE

I hereby certify that a copy was served by CM/ECF at the authorized address to: all creditors; Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee; Carlos A. Ruiz Rodriguez, Esq., Debtor's attorney and to debtor by regular mail to the address of record: Urb. Monte Alto, #162 calle 6, Gurabo, P.R. 00778, as per the attached *List of Creditors*.

//s// Maricarmen Colón Díaz
**MARICARMEN COLON DIAZ**, Esq.
Attorney for Movant - USDC 211410
MARIA M. BENABE RIVERA– USDC 208906
P.O. Box 9146, Santurce, P.R. 00908-0146
Centro de Servicios al Consumidor (248)
1130 Muñoz Rivera Avenue, San Juan, P.R.
Tel. (787) 729-8135 / Fax (787) 729-8276
maricarmen.colon@firstbankpr.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 19-06685-BKT13<br>District of Puerto Rico<br>Old San Juan<br>Tue Jan 28 17:08:00 AST 2020 | ISLAND PORTFOLIO SERVICES LLC AS SERVICER OF<br>PO BOX 361110<br>SAN JUAN, PR 00936-1110 | US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 |
| AMEX DEPARTMENT STORES<br>PO BOX 8218<br>MASON, OH 45040-8218 | BANCO POPULAR DE PR<br>PO BOX 366818<br>SAN JUAN, PR 00936-6818 | BANCO POPULAR DE PUERTO RICO<br>BANKRUPTCY DEPARTMENT<br>PO BOX 366818<br>SAN JUAN PR 00936-6818 |
| BANCO SANTANDER PUERTO RICO<br>PO BOX 362589<br>SAN JUAN, PR 00936-2589 | CITICARDS CBNA<br>PO BOX 6190<br>SIOUX FALLS, SD 57117-6190 | CITICARDS CBNA<br>PO BOX 6241<br>SIOUX FALLS, SD 57117-6241 |
| CRIM<br>PO BOX 195387<br>SAN JUAN, PR 00919-5387 | DEPARTAMENTO DE HACIENDA<br>PO BOX 9024140<br>SAN JUAN, PR 00902-4140 | FREEDOMROAD FINANCIAL<br>1515 W 22ND ST<br>OAK BROOK, IL 60523-2007 |
| FreedomRoad Financial c/o Wayfinder BK, LLC<br>PO Box 64090<br>Tucson, AZ 85728-4090 | GURA COOP<br>PO BOX 678<br>GURABO, PR 00778-0678 | INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| IRS<br>PO BOX 9024140<br>SAN JUAN, PR 00902-4140 | ISLAND FINANCE<br>PO BOX 71504<br>SAN JUAN, PR 00936-8604 | Island Portfolio Services, LLC as servicer o<br>PO BOX 361110<br>San Juan PR 00936-1110 |
| (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | MONEY EXPRESS<br>CONSUMER SERVICE CENTER<br>BANKRUPTCY DIVISION (CODE 248)<br>PO BOX 9146 SAN JUAN PR 00908-0146 |
| MONEY EXPRESS<br>PO BOX 11890<br>SAN JUAN, PR 00922-1890 | MONEY EXPRESS<br>PO BOX 9146<br>SAN JUAN, PR 00908-0146 | PENTAGON FEDERAL CREDIT<br>PO BOX 247009<br>OMAHA, NE 68124-7009 |
| (p)PENTAGON FEDERAL CREDIT UNION<br>ATTN BANKRUPTCY DEPARTMENT<br>P O BOX 1432<br>ALEXANDRIA VA 22313-1432 | SYNCB/JCPENNEY MCC<br>PO BOX 956007<br>ORLANDO, FL 32896-0001 | SYNCB/SAMS<br>PO BOX 965005<br>ORLANDO, FL 32896-5005 |
| Synchrony Bank<br>c/o of PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | US DEPARTMENT OF JUSTICE<br>950 PENNSYLVANIA AVENUE NW<br>WASHINGTON, DC 20530-0001 | ALEJANDRO OLIVERAS RIVERA<br>ALEJANDRO OLIVERAS CHAPTER 13 TRUS<br>PO BOX 9024062<br>SAN JUAN, PR 00902-4062 |

| | | |
|---|---|---|
| CARLOS A RUIZ RODRIGUEZ<br>PO BOX 1298<br>CAGUAS, PR 00726-1298 | HECTOR LUIS MARTINEZ MARTINEZ<br>URB MONTE ALTO<br>#162 CALLE 6<br>GURABO, PR 00778 | MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET SUITE 301<br>SAN JUAN, PR 00901 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud Mn 56302-9617 | PENTAGON FEDERAL CREDIT UNION<br>PO BOX 1432<br>Alexandria, VA 22313 | End of Label Matrix<br>Mailable recipients    32<br>Bypassed recipients     0<br>Total                  32 |